Submitted on briefs July 14, affirmed September 8, 1914.

## RANKIN *v.* YORAN, MAYOR.

(143 Pac. 894.)

**Taxation—Equality and Uniformity—"Local Benefit."**

The construction of an armory in a city having two companies of the National Guard and the headquarters of the Coast Artillery Reserves, consisting of a colonel, eight staff officers, and two noncommissioned officers, and a captain and sergeant of the regular army of the United States, is of such peculiar local benefit to the city that the issuance of bonds to aid in its construction is not in contravention of Article I, Section 32, and Article IX, Section 1, of the Constitution, requiring equality and uniformity of taxes.

[As to state powers of taxation as affected by the fourteenth amendment, see note in 25 Am. St. Rep. 885.]

From Lane: LAWRENCE T. HARRIS, Judge.

In Banc.    Statement by MR. CHIEF JUSTICE McBRIDE.

This is a suit by Frank Rankin, as a taxpayer of the City of Eugene, against D. E. Yoran, as mayor of the City of Eugene, Oregon, William Hempy, E. M. Johnson, R. McMurphey, George H. Bogue, W. A. Bell, Clark P. Devereaux, J. F. Beytien and B. F. Goodpasture, as members of the common council of the City of Eugene, to enjoin them from selling $25,000 of armory bonds; the money from the sale of these bonds to be used in assisting the State of Oregon and Lane County in building an armory in the City of Eugene. Chapter 230, Laws of 1913, appropriated $25,000 from the state treasury to be used toward erecting an armory in the City of Eugene, provided the County of Lane should pay $25,000 and the City of Eugene $25,000 toward such armory fund; the armory and site to cost $75,000. The question as to whether or not the respondent should sell the $25,000 armory bonds was submitted to the electors of said city for their approval or rejection at the general election held in said

city on the 6th day of April, 1914. The bonds carried by a majority of 1,742 votes. Afterward the ballots were duly canvassed and the result declared, and the mayor of said city duly issued a proclamation carrying said amendment into effect. The sale of the bonds is sought to be enjoined on the ground that the tax to be levied to pay the interest thereon and to provide a sinking fund to pay the principal of the bonds when due is contrary to Article I, Section 32, and to Article IX, Section 1, of the Constitution of the State of Oregon. The Circuit Court held the act providing for the bonds constitutional.

The answer sets forth the following facts, which were not denied in the reply, with the exception of a denial of that portion of the last paragraph which alleges that the building of said armory is a proper and fit object for local taxation:

"Defendants for a further and separate answer alleged that, for the purpose of carrying out the provisions of said Chapter 230 of the Laws of the State of Oregon for 1913, at its regular meeting, the common council of the City of Eugene passed a resolution on the 26th day of January, 1914, submitting to the electors of the City of Eugene an amendment to the charter of said city by adding thereto Section 151 of said charter in following form, to wit: Section 151: That the common council of the City of Eugene is hereby authorized and empowered to issue and sell negotiable bonds to the amount of $25,000 for the purpose of furnishing the necessary funds to pay the proportion required from the City of Eugene under an act to provide for the building of an armory at Eugene, Lane County, Oregon, and to appropriate the funds therefor, filed in the office of the Secretary of State, February 26, 1913, being chapter 230 of the General Laws of Oregon for the year 1913, passed by the twenty-seventh regular session of the legislative assembly of

72 Or.—15

the State of Oregon. The bonds hereby authorized shall be denominated 'Armory Bonds.' The said bonds shall be a general obligation of the City of Eugene and shall be in such form and of such denominations as will, in the judgment of the common council, most likely enhance their salability. The bonds shall become due ten years from date thereof, and shall bear interest at the rate not to exceed 6 per cent per annum, payable annually. The common council is hereby authorized to include in its general municipal tax levy a sufficient special tax levy to pay the interest on said bonds and to provide a sinking fund for the payment of the same when due. The bonds hereby authorized shall be advertised in a daily newspaper published in Lane County, Oregon, for a period of thirty days (30). That said amendment as provided in said resolution be so submitted to the electors of the city at the regular election in said city on the 6th day of April, 1914. That said amendment was so submitted to the electors of the City of Eugene as provided in said resolution at said election, and an election was had thereon and 2,597 ballots were cast for and against the said amendment, there being 1,742 votes in favor thereof and 855 votes against said amendment. That the said ballots were duly canvassed and the result declared as aforesaid and the mayor of the said City of Eugene did on the 17th day of April, 1914, issue his proclamation that the said amendment had been carried, and that the same was in force and effect. That everything necessary to be done in the submission to the electors and the passage of the said amendment was done and had as required by law, and the said amendment is now a part of the charter of the City of Eugene, and is a part of the law governing the said city, and that pursuant to said amendment and the provisions of said Chapter 230 of the Laws of 1913 of the State of Oregon, the ordinance set forth in the complaint herein was passed by the common council of the said city, and every necessary step required by law to make the bonds therein mentioned valid was had and done by the common council and by the officers of

said city.   That there are two companies of the Na-
tional Guard of the State of Oregon located in the
City of Eugene, one of which has a membership of
about 75 officers and men, and the other a membership
of about 85 officers and men, and the said companies
are duly organized companies of the Oregon National
Guard, with a full complement of noncommissioned
officers.   That the headquarters of the Coast Artillery
Reserves of the National Guard of the State of Ore-
gon is located in Eugene, consisting of a colonel, eight
staff officers, and two noncommissioned officers.   That
all the members of said companies of said National
Guard are citizens of Eugene and Lane County and re-
side therein.   That there is stationed also at the City
of Eugene a captain of the regular army of the United
States and one sergeant of the regular army of the
United States, for the purpose of instructing the Coast
Artillery Reserves of the National Guard of Oregon.
That said National Guard is fully equipped with arms,
ammunition, tents, camp supplies, and all other equip-
ment necessary for an army organization and the said
National Guard has in its possession property belong-
ing to the government of the United States and the
State of Oregon of the value of about $20,000.   That
for the purpose of caring for said property and hous-
ing said National Guard and furnishing them with a
drill hall for the purpose of drill, it is necessary that
a proper armory be built for their use.   That for a
number of years it has been the policy of the State of
Oregon to build armories in the various cities where
companies of the National Guard of the state are
located, by the joint funds of the State of Oregon, the
county in which the city is located, and by the city
wherein the armory is built.   That such armories have
been so built and are now maintained in the Cities of
Albany, Dallas, Woodburn, Salem, Ashland and Rose-
burg, and that the counties and cities have taxed them-
selves for the purpose of furnishing their *pro rata*
part of the construction of the said armories, and the
title to the ground upon which the said armories have
been built have been taken in the name of the State of

Oregon, and the said armories are all under the control and jurisdiction of the general staff of the state. That the legislature has imposed upon the counties the duty of providing quarters for the posts of the Grand Army of the Republic and kindred organizations, and that the state, counties and cities have adopted the policy in the construction of the armories aforementioned, of providing quarters in the said armories for the said organizations, and that provision has been made by the general staff for such quarters in the armory to be built in the City of Eugene. That the plans have already been drawn for the building of said armory, and the said quarters are a part of the said plans. That the City of Eugene has provided by law for a municipal band, to be supported by taxation by the people of the city, and that the general staff has provided in the plans of the said armory a room for the said municipal band. That Eugene is one of the larger centers of population, and is growing rapidly, and will be one of the most populous centers of population in the State of Oregon, and that said National Guard will be available in case of riot or other disturbances in assisting the police of the City of Eugene in upholding the laws of the city as well as those of the State of Oregon. That in the said City of Eugene there is no large hall adequate for the large assemblage of people or for the holding of assemblages or conventions requiring large space for the accommodation of the members of such assemblies or conventions. That it has been the policy of the general staff to permit of the use of the drill halls of the various armories of the state for the accommodation of such assemblies or conventions of the people of the various cities, and the armory to be built in the City of Eugene will be available for such purposes, and that it is available for such purposes was one of the moving causes of the electors of the City of Eugene in imposing the said tax upon themselves for the purpose of assisting in building said armory. That the building of said armory will be of peculiar and special benefit to the residents, inhabitants and taxpayers of said city in the

particulars hereinbefore mentioned, and for the said purposes and benefits to the city the building of said armory is a proper and fit object for local taxation in the City of Eugene.''

Upon the trial the following facts were stipulated:

''It is admitted that the plaintiff is a citizen residing in Eugene, Oregon, and has property subject to taxation in the said city, and that in case of the illegality of the said bonds he would be damaged specially in the amount of taxes he would be required to pay as interest on the said bonds and as and for a sinking fund for the final payment thereof, and that the said bonds would require the citizens of the City of Eugene to pay more in proportion for the erection of the said armory than other citizens of the State of Oregon. It is admitted that in the passage of Section 151 of the charter of the City of Eugene all the forms of law required for the submission of the same to the electors of the city were fully complied with, and that the election was regularly and duly had thereon, and that the said section became a part of the charter of the City of Eugene, and that the ordinance set out in plaintiff's complaint is a valid ordinance of the city. This admission of facts is subject to the one qualification as to whether or not the acts of the common council of the City of Eugene and of the electors of said city in passing the amendment to the city charter were legal under the Constitution of the State of Oregon for the purpose of raising funds to build the armory mentioned in said Chapter 230 of the Laws of 1913.''

The case was tried upon the pleadings and stipulation, and there was a finding and decree for defendant, from which plaintiff appeals.

Submitted on briefs without arguments under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).        AFFIRMED.

For appellant there was a brief submitted by *Messrs. Williams & Bean.*

For respondents there was a brief over the names of *Mr. G. F. Skipworth* and *Mr. Jay L. Lewis.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

The case discloses such peculiar local benefits to the City of Eugene that we are of the opinion that the expenditure to aid in the construction of the armory is not in contravention of any provisions of the Constitution. The case is very similar to *Hodgdon* v. *City of Haverhill,* 193 Mass. 411 (79 N. E. 832), in which the court observes:

"While it is true that the main object of keeping up the militia is to provide for the defense and protection of the whole people, there is yet special advantage to those communities in which organizations of the militia are stationed, and in which armories have been constructed for the accommodation of those organizations; and the legislature properly may consider this local advantage in apportioning the burden of taxation for this purpose. * * Nor is it any objection to the validity of this legislation that the money is to be raised in the first instance by an issue of bonds to be made by the commonwealth, while the city is to be charged with the annual interest upon these bonds and to provide a sinking fund for their final redemption."

It is conceded that the election held to determine the question as to the issue of the bonds for the purposes indicated was in all respects regular, so that the only question for us to decide is the constitutional right of the city to incur the expenditure; and, having solved this question in the affirmative, the decree of the Circuit Court is affirmed.                    AFFIRMED.